IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

RICKY ELLISON,                                          Civ. No. 2:23-cv-00245-AA

              Plaintiff,                   **OPINION & ORDER**

     v.

UMATILLA COUNTY JAIL;
NP MICHELLE DAVIES; JOHN
AND JANE DOES 1-8,

              Defendants.

_____

AIKEN, District Judge.

This case comes before the Court on Defendant Michelle Davies's Motion to Set Aside Order of Default and to Quash Service of Process. ECF No. 13. In her Reply brief, ECF No. 21, Davies concedes that service was properly accomplished and so withdraws her request to quash service of process. The Court accepts Davies's concession and confines its discussion to the request to set aside the default. The Court concludes that this motion is appropriate for resolution without oral argument. For the reasons set forth below, the motion is GRANTED and the previously entered default, ECF No. 11, is set aside.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). To find "good cause," courts are directed to consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether the party had no meritorious defense; and (3) whether reopening the default judgment would prejudice the other party. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* However, judgment by default is a "'drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

## BACKGROUND

As relevant to the present motion, Defendant Michelle Davies was a nurse at the Umatilla County Jail during the period in which Plaintiff was incarcerated at the jail. Comp. ¶¶ 4, 6. ECF No. 1. Plaintiff alleges that the circumstances of his incarceration violated his constitutional right to be free from cruel and unusual punishment and constituted negligence under Oregon law.

On March 13, 2023, Plaintiff served Davies by delivering the summons and complaint to Captain Sterrin Ward at the Umatilla County Jail and perfected substituted service by mailing the service documents Davies on March 15, 2023. ECF No. 14. As previously noted, Davies concedes that service was proper and withdraws her request to quash service.

Davies provided nursing services to inmates at the Umatilla County Jail two days per month as an employee of Wellpath, a company that contracts for medical services. Davies Decl. ¶ 3. ECF No. 17. Davies also works as a nurse for the State of Oregon, providing nursing services in state prisons. *Id.* During the relevant period, Davies's husband was diagnosed with Stage IV cancer and Davies was "doing everything I could to be with him and attend to his needs." *Id.* at ¶ 7. Davies affirms that she was, understandably, "extremely preoccupied with my husband's condition during March and April of 2023." *Id.* at ¶ 9.

On March 23, 2023, Davies arrived at the jail for her regularly scheduled shift and was given a copy of the summons and complaint by the jail secretary. Davies Decl. ¶ 5. Davies reviewed the complaint and determined that she would have been working for Wellpath during the relevant period and so she called the office of Wellpath's general counsel. *Id.* at ¶¶ 5-6. Wellpath attorney Stefan Cange asked Davies to email the documents to him, but Davies did not have access to a scanner at the jail. *Id.* at ¶ 6. Cange instead provided a fax number to Davies and asked her to fax the documents to him. *Id.* Cange affirms that he has limited familiarity with how his office fax machines work. Cange Decl. ¶ 3. ECF No. 18.

The fax number did not work and, due to time zone differences, Cange's office was closed by the time Davies discovered that the number did not work. Davies Decl. ¶ 7. Davies went home and left the documents at the jail. *Id.* Cange, who would not have been the person to handle an Oregon lawsuit for Wellpath, forgot about the matter when he did not receive the fax from Davies. Cange Decl. ¶ 5.

Davies took additional time off from work to be with her husband and she next reported for a shift at the jail on April 14, 2023. Davies Decl. ¶ 8. Davies recalled that she had been unable to send the fax to Cange and so called his office, where she spoke to a different person who gave her a different fax number. *Id.* The documents were successfully faxed to Wellpath on that day. *Id.*

The fax was routed to Cange, but Cange had left on an international trip on April 14, 2023, and did not have access to his company email. Cange Decl. ¶ 6. While Cange was abroad, he learned that his father had suffered a stroke and Cange delayed his return to work in order to see his father. *Id.* at ¶ 7. Cange's father passed away shortly afterwards. *Id.* Cange returned to work a week later but was understandably distracted by his recent loss. *Id.* Cange did not discover Davies' fax until May 5, 2023, at which point he forwarded it to litigation counsel. *Id.* at ¶ 8. By that time, however, Plaintiff had already sought and received a Clerk's Entry of Default against Davies. ECF Nos. 10, 11.

Davies affirms that she "did not realize the urgency when I tried to fax documents on March 16," and forgot about the matter while she was away from the

jail and caring for her husband. Davies Decl. ¶ 9. Davies did not remember the documents until she returned to work at the jail in April 2023. *Id.*

## DISCUSSION

As previously discussed, the Court considers three factors in assessing a motion to set aside default under Rule 55(c). *Signed Pers. Check. No. 730*, 615 F.3d at 1091.

The first factor considers whether the party seeking to set aside the default has engaged in culpable conduct. A defendant's conduct is culpable "if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Signed Pers. Check No. 730*, 615 F.3d at 1092 (internal quotation marks and citation omitted, emphasis in the original). To treat a failure to answer as culpable "the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id.* (internal quotation marks and citation omitted). "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Id.* at 1092-93.

Here, the circumstances that caused Davies' failure to answer cannot be said to be the result of bad faith. Rather it appears to have been an unfortunate confluence of events compounded by personal tragedies affecting both Davies and Cange. The Court finds that the first factor weighs in favor of setting aside the default.

Turning to the second factor, a defendant seeking to set aside a default "must present specific facts that would constitute a defense," but "the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Signed Pers. Check No. 730*, 615 F.3d at 1094. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default." *Id.* (internal quotation marks and citation omitted, alterations normalized).

In support of her motion, Davies asserts that she provided "very good nursing care" to Plaintiff and that she "followed all laws, nursing requirements and jail protocols in my interactions with him." Davies Decl. ¶ 10. The Court concludes that Davies has made a sufficient showing to justify setting aside the default.

Finally, the Court considers the issue of prejudice to the non-moving party. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Signed Pers. Check No. 730*, 615 F.3d at 1095 (internal quotation marks and citation omitted). Here, the Court notes that litigation is still in the early stages and there is no prejudice to Plaintiff other than the loss of a quick victory on his claims against Davies. That minimal prejudice is not sufficient to prevent the setting aside of a default. *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000).

In sum, all three factors weigh in favor of setting aside the default. Weighed together with the guiding principle that cases should be decided on the merits whenever possible, the Court concludes that the default will be set aside.

## CONCLUSION

For the reasons set forth above, Defendant Michelle Davies's Motion to Set Aside Default, ECF No. 13, is GRANTED. The entry of default, ECF No. 11, is set aside. Defendant Davies has withdrawn her request to quash service.

It is so ORDERED and DATED this ____17th____ day of January 2024.


           /s/Ann Aiken
           ANN AIKEN
           United States District Judge